## CARMICHAEL TILE CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 13447.

United States Court of Appeals, Fifth Circuit.

Nov. 8, 1951.

E. D. Smith, Jr., Atlanta, Ga., for petitioner.

Irving I. Axelrad, Ellis N. Slack, Melva M. Graney, Special Assts. to Atty. Gen., Theron Lamar Caudle, Asst. Atty. Gen., Charles Oliphant, Chief Counsel, Bureau of Internal Revenue, Rollin H. Transue, Special Attorney, Washington, D. C., for respondent.

Before HUTCHESON, Chief Judge, and HOLMES and STRUM, Circuit Judges.

STRUM, Circuit Judge.

Petitioner, Carmichael Tile Company, here seeks review of a Tax Court decision which modified as to amount, but otherwise sustained, a deficiency assessment in income and declared value excess profits tax for 1945, imposed upon petitioner by the Commissioner of Internal Revenue.

The question here at issue is the accuracy of petitioner's opening stock inventory as of January 1, 1945. Petitioner, incorporated in 1928, carried on the business of selling and installing tile, mantels and similar materials. Complete physical inventories were kept until 1933, but none were taken after 1933 until December 31, 1946, only "book" inventories being kept during the interim. Petitioner's opening inventory for 1945, was arrived at by adjusting the physical inventory of December 31, 1946, with the records of purchases and sales during 1945 and 1946, thus arriving at a "reconstructed" inventory as of January 1, 1945, based purely on estimates, as no physical inventory was taken at that time.

The physical inventory of December 31, 1946, showed $7109.89 of materials in the warehouse and $4946.56 of materials in "process contracts," the two roughly aggregating $12,000. There was an additional item of $2561.66 in the "process contracts"

account—said by Mr. Carmichael, one of the owners of the Company, to be "labor not yet transferred to accounts receivable"—so that altogether petitioner's inventory on December 31, 1946, aggregated approximately $14,500. Mr. Carmichael estimated the Company's inventory as of January 1, 1946, to have been $22,000, which included the $14,500, above mentioned, plus $7500 in "old tile" which had been on hand several years. This figure was also adopted as the closing inventory figure for December 31, 1945. The opening inventory as of January 1, 1945, was fixed at the same amount, $22,000, as petitioner estimated that its purchases of materials during 1945 approximately equalled the amount sold during that year.

Accordingly, the taxpayer reported its opening inventory for January 1, 1945, as $22,000, consisting of $14,500 in current materials on hand, plus $7500 of old tile. On review, the Commissioner determined petitioner's opening inventory as of January 1, 1945, to be $3749.64, which was petitioner's "book" inventory; its closing inventory $22,000, as reported by petitioner.

The Tax Court found petitioner's 1945 opening inventory to be not less than $11,294.64, consisting of the $3749.64, book inventory allowed by the Commissioner, plus $7500 of old tile on hand, and found the closing inventory for 1945 to be $22,000. The Tax Court concluded that petitioner had failed to sustain its burden of showing what, if any, additional material was on hand January 1, 1945, so as to increase its opening inventory to $22,000, as reported. To the extent of the $7500 item for old tile, however, the Tax Court held the Commissioner in error and modified his deficiency assessment accordingly.

If the Tax Court's findings are correct and petitioner's opening inventory was actually $11,249.64, instead of $22,000 as reported, petitioner's business profits, and hence its income, would be greater than reported, as the purchase and sale of goods, reflected by opening and closing inventories, affects gross profits which in turn affects taxable income. A higher opening inventory produces lower taxable income.

The Tax Court's findings of fact as to petitioner's opening inventory for 1945 are supported by the evidence. There is no clear evidence to establish what, if any, additional material petitioner had on hand January 1, 1945, to increase its inventory from $11,249.64, as fixed by the Tax Court, to $22,000 as claimed by petitioner. Being supported by the evidence, and finding no error of law therein, the Tax Court's decision is

Affirmed.